**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO:  0:19-cv-61724

KINGDOMWORKS STUDIOS, LLC,
a Florida limited liability company,

       Plaintiff,

vs.

KINGDOM STUDIOS, LLC,
a Delaware limited liability company;
and KINGDOM INC., a Pennsylvania
corporation,

       Defendants.

_____/

## COMPLAINT

KINGDOMWORKS STUDIOS, LLC (hereinafter "Plaintiff") brings this action, by and through the undersigned attorneys, against Defendants, KINGDOM STUDIOS, LLC (hereinafter "KINGDOM STUDIOS") and KINGDOM INC. (hereinafter "KINGDOM") for injunctive relief, declaratory relief and damages, and in support thereof alleges that:

## PARTIES

1.     Plaintiff is a Florida limited liability company with a principal place of business at 2751 South East Monroe Street, Stuart, Florida 34997.

2.     Defendant KINGDOM STUDIOS is a Delaware limited liability company with a principal place of business at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

3.     Defendant KINGDOM is a Pennsylvania corporation, with a principal place of business at P.O. Box 506, 719 Lambs Creek Road, Mansfield, Pennsylvania 16933.

## JURISDICTION

4.     This Court has subject matter jurisdiction over this action under 15 U.S.C. §§ 1119, 1121 and 28 U.S.C. § 1338 (a) because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*. and also the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.     This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

6.     The exercise of personal jurisdiction over Defendants in the State of Florida, and venue in this judicial district is just and proper for several reasons. Defendants have advertised goods and services to this judicial district and directly or indirectly own, operate, maintain, or control interactive websites and social media profiles accessible from this judicial district through which Defendants market, sell and offer for sale Defendants' goods and services within and/or into the jurisdiction of this Court. Furthermore, through their applications for United States Trademark Registration, Defendants have alleged that they have used, or intend to use the subject trademark in United States and interstate commerce. Moreover, given Plaintiff's domicile in this judicial district, the harm from the complained of acts were suffered and felt by Plaintiff in this judicial district thereby causing violations of Florida law.

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

2

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

### a) Plaintiff's Trademark Rights

7.     Plaintiff is an independent film maker, multimedia production studio and publisher that creates, finances, produces and distributes motion pictures, motion picture series, DVD's, videos and books throughout the United States and the world.

8.     Plaintiff has continuously used the mark **KINGDOMWORKS STUDIOS** ("Plaintiff's Mark") and similar variations, in connection with the production, manufacturing, offering for sale and sale of Plaintiff's Goods and Services throughout the State of Florida, the United States and various other countries since at least its date of incorporation, February 15, 2012.




**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com









**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com




9.      Plaintiff's founder(s) and predecessors-in-interest began developing and building goodwill in Plaintiff's Mark prior to its incorporation and as early as 2010.

10.      Since its first development stage, Plaintiff's founder Jeremy Wiles expended significant efforts and resources in creating, producing, publishing, building, marketing, advertising and promoting Plaintiff's Goods and Services.

11.      Such efforts have placed Plaintiff's Mark in a position of international recognition, especially within the Christian market. Plaintiff's films and series have been viewed by millions of people, thousands of churches and in movie theaters worldwide, and have been recognized by news sources within and outside of the United States. See *Composite Exhibit "1"* hereto.

12.      Plaintiff's films have also achieved popularity through critical acclamation. Plaintiff's release of the film *Genesis: Paradise Lost* won several awards in the categories of best documentary, movie of the year, best cinematography and best director from international film

academies such as the International Christian Film Festival, the Canadian International Faith and Family Film Festival, and the CV Indie Film Awards.

13.     In or about February of 2012, Plaintiff registered the domain names www.kingdomworksstudios.com and www.kingdomworks.com without objection or complaint from Defendants or any other third party and later developed a website associated with said domain names.

14.     On or about November 28, 2017, Plaintiff's founder applied for registration of the standard character mark **KINGDOMWORKS STUDIOS** with the United States Patent and Trademark Office ("USPTO") to its Principal Register.

15.     In prosecuting the application, the designated Examining Attorney found no likelihood of confusion between Plaintiff's Marks and any marks owned by Defendant KINGDOM.  Defendant KINGDOM STUDIOS had not adopted or applied for registration of any mark bearing the word "Kingdom" at this time.

16.     The application was published for third parties to oppose during the Opposition Period. Neither of the Defendants, nor anyone else opposed Plaintiff's founder's application.

17.     On July 10, 2018 United States Trademark Registration No. 5,512,487 issued to the Principal Register, directed to the mark **KINGDOMWORKS STUDIOS** for:

> Book publishing; Film studios; Film and video film production; Publishing books in the field of education, religion and entertainment; Publishing e-books in the field of education, religion and entertainment; Media production services, namely, video and film production; Motion picture film production; Multimedia entertainment services in the nature of development, production and post-production services in the fields of video and films, in International Class 41.

A copy of the Certificate of Registration is attached as ***Exhibit "2."***  On or about June 6, 2019, Plaintiff's founder Jeremy Wiles assigned all right, title and interest in and to Plaintiff's Mark,

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

6

United States Trademark Registration No. 5,512,487 and the underlying goodwill and all claims past, present and future to Plaintiff. Plaintiff is now the owner of Reg. No. 5,512,487, the mark to which it is directed to, all underlying goodwill and the claims asserted herein.

18.     Plaintiff's Reg. No. 5,512,487 is valid, subsisting, and in full force and effect, and therefore constitute *prima facie* evidence of Plaintiff's nationwide right to exclusive use of the mark **KINGDOMWORKS STUDIOS** and all confusingly similar marks used in connection with the above goods and/or services specified in the registration, pursuant to 15 U.S.C. § 1057(b) and in connection with related goods and services.

19.     On June 24, 2019 Florida Registration No. T19000000759 issued in the name of Plaintiff, directed to the mark **KINGDOMWORKS STUDIOS** for:

> Book publishing; Film studios; Film and video film production; Publishing books in the field of education, religion and entertainment; Publishing e-books in the field of education, religion and entertainment; Media production services, namely, video and film production; Motion picture film production; Multimedia entertainment services in the nature of development, production and post-production services in the fields of video and films, in Classes 9 and 41.

**b) Defendants' Wrongful Acts**

20.     Upon information and belief, Defendant KINGDOM STUDIOS was formed recently by Jonathan Erwin, Andrew Erwin Kevin Downes and Anthony Young, who have been involved in the film/production business prior to the incidents giving rise to the claims in this Complaint in connection with unrelated marks and names.

21.     Defendant KINGDOM claims to sell many types of audio and video equipment and church supplies via internet, telephone and catalog bearing the mark **KINGDOM.**

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

7

22.     Upon information and belief, Defendant KINGDOM is not a film maker and is not in the business of financing, producing or releasing films for distribution and does not create content in the realm of motion pictures or audio.

23.     On or about February 2, 2018, Defendant KINGDOM STUDIOS filed an application with the USPTO, namely U.S. Trademark Application Serial No. 87781778 for the standard character mark **KINGDOM STUDIOS, LLC** claiming not actual use, but merely a bona fide intention to use the mark on or in connection with the following goods and services:

> Pre-recorded dvds and cds featuring Christian-themed music, movies, stories, films, and television series; downloadable music sound recordings and video recordings featuring Christian-themed music, movies, stories, films and television series, in international Class 9;

> Financial investment in the production of movies and television services of others, in International Class 36; and

> Video production and production of audio recording services; multi-media entertainment services in the nature of recording, production and post-production services in the field of films, movies, television series, and music; book publishing; production of Christian-themed movies and videos for the Internet; entertainment services, namely, the provision of continuing programs and movies featuring Christian-themed content delivered via the Internet and cable television; provision of non-downloadable films and movies via a video-on-demand service; film distribution, in International Class 41.

("Defendant KINGDOM STUDIOS' Goods and Services") A true and correct copy of the said application is attached as ***Exhibit "3"*** hereto.

24.     On May 18, 2018, the USPTO issued an Official Office Action delineating an initial refusal to register Defendant KINGDOM STUDIOS' of Application Serial No. 87781778 pursuant to 15 U.S.C. §1052(d) wherein Plaintiff's Mark was cited as rationale substantiating such refusal. Said Office Action is attached as ***Exhibit "4"*** hereto.

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

8

25.     Upon information and belief, on or about July 2018, Defendant KINGDOM STUDIOS began pre-launch activities in connection with the mark **KINGDOM STUDIOS** in United States commerce in the business of creating, producing and releasing motion picture content.

26.     Upon information and belief, Defendant KINGDOM STUDIOS had constructive and actual knowledge of Plaintiff's Mark since at least before its pre-launch activities in connection with the **KINGDOM STUDIOS** mark in July of 2018, and also before it filed its Application No. 87781778.

27.     Upon information and belief, Defendant KINGDOM STUDIOS, having knowledge of Plaintiff and of the valuable goodwill associated with the Plaintiff's Mark, intentionally chose and adopted marks, names and designations that are confusingly similar to Plaintiff's Mark in order to trade on such valuable goodwill, with reckless disregard for Plaintiff's rights and/or with a deliberate and malicious intent to damage, dilute, tarnish and diminish the distinctiveness of Plaintiff's Mark and Plaintiff's rights.

28.     Defendants had constructive knowledge of Plaintiff's ownership of the mark **KINGDOMWORKS STUDIOS** based on Plaintiff's ownership of United States Trademark Reg. No. 5,512,487 pursuant to 15 U.S.C. §1072.

29.     Defendants also had actual and/or constructive knowledge of Plaintiff's claim of right to the exclusive use of Plaintiff's mark pursuant to 15 U.S.C. §1111 due to Plaintiff's use of the registered mark symbol ® following the mark **KINDGOMWORKS STUDIOS**.

30.     Defendants have been using and licensing the confusingly similar marks, names and designations without Plaintiff's consent or authorization.

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

9

31.     In or about August of 2018, Defendant KINGDOM STUDIOS entered into an Agreement with Lions Gate Entertainment Corp. for the development, directing, and production of feature films and TV programs. Such feature films and TV programs will be widely available throughout United States and the world.

32.     On August 29, 2018, Plaintiff's CEO contacted Defendant KINGDOM STUDIOS' principal Jonathan Erwin via email, putting Defendant KINGDOM STUDIOS on notice of Plaintiff's rights and addressing Plaintiff's concerns regarding Defendant KINGDOM STUDIOS' adoption of the mark **KINGDOM STUDIOS**.

33.     After almost two months of non-response from Defendant KINGDOM STUDIOS, Plaintiff sent a copy of the communication described in Paragraph 25 herein to Defendant KINGDOM STUDIO's principal Jonathan Erwin, on October 22, 2018 via Facebook messenger.

34.     On November 13, 2018, Plaintiff's counsel sent a "cease-and-desist" type letter reiterating Plaintiff's opposition to Defendant KINGDOM STUDIOS' use of the mark, name and designation **KINGDOM STUDIOS**.

35.     On January 9, 2019, the USPTO issued a Supplemental Official Office Action refusing Defendant KINGDOM STUDIOS' registration of its applied-for mark because of a likelihood of confusion with Plaintiff's Mark pursuant to 15 U.S.C. §1052(d). A true and correct copy of the said office action is attached hereto as ***Exhibit "5"***.

36.     Despite Plaintiff's communications, notices and demands and the Official Office Actions issued by the USPTO, Defendant KINGDOM STUDIOS continues to use the mark **KINGDOM STUDIOS** and continues to do business under the name "Kingdom

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

10

Studios" and names that are confusingly similar to Plaintiff's **KINGDOMWORKS STUDIOS** marks.

37.    Upon information and belief, Defendant KINGDOM STUDIOS sought a trademark license from Defendant KINGDOM for the mark **KINGDOM** with intent to circumvent Plaintiff's trademark rights**.**

38.    While Defendant KINGDOM might have developed goodwill in the commercial space of providing audio and video equipment and church supplies, it has never accrued any goodwill in the field of creating, making, releasing or publishing independent films or films or content of any kind.

39.    Defendant KINGDOM has not created or released any motion pictures.

40.    Defendant KINGDOM does not regularly or consistently navigate similar channels of trade as Plaintiff.

41.    For the reasons stated above, the license agreement between the Defendants is devoid of any goodwill in the commercial space in which Plaintiff places its Goods and Services.

42.    Defendant KINGDOM STUDIOS' unauthorized use of names and marks that are confusingly similar to Plaintiff's Mark **KINGDOMWORKS STUDIOS** marks has already caused actual confusion and reverse confusion in the marketplace, with consumers, job applicants and potential investors who are mistaken and confused into believing that Plaintiff and/or Plaintiffs Goods and Services are affiliated with Defendant KINGDOM STUDIOS and/or vice versa, and has otherwise harmed Plaintiff and the public.

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

11

43.     The result of Defendant KINGDOM STUDIOS' wrongful acts has been to deprive Plaintiff of the value of the goodwill and to dilute and tarnish Plaintiff's Mark. Plaintiff will sustain considerable damages and irreparable harm as a result of this wrongful conduct. Defendants have both been unjustly enriched by the licensing, adoption and use of the infringing marks, names, and designations in connection with Defendant KINGDOM STUDIOS' Goods and Services.

44.     As a direct and proximate result of Defendant KINGDOM STUDIOS' acts described herein, Plaintiff has suffered damage, harm, economic harm, dilution, damage, blurring and tarnishment of its trademark and other commercial rights, as well as lost profits.

45.     Plaintiff has no adequate remedy at law to prevent further harm reasonably expected to be caused by Defendants' continued and future licensing and use of marks, names and designations that are confusingly similar to Plaintiff's Mark.

46.     The public good will be served by enjoining Defendants' continued and future licensing and use of marks, names and designations that are confusingly similar to Plaintiff's Mark as it will prevent or minimize consumer confusion and mistake in the marketplace.

47.     Plaintiff will suffer irreparable harm if Defendant KINGDOM STUDIOS' continued and future use of names and marks that are confusingly similar to Plaintiff's Mark is not immediately and permanently enjoined.

48.     The balance of the harms and equities favor injunctive relief to protect Plaintiff's rights and to protect the consumers and the public from further confusion and mistake.

49.     Defendants' acts described herein were willful, intentional, deliberate, reckless, malicious and/or wanton, making this an exceptional case within the meaning of 15.U.S.C. § 1117.

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

12

50.     As a direct and proximate result of Defendant KINGDOM STUDIOS' acts described herein, Plaintiff has been forced to retain the undersigned law firm and its attorneys and has agreed to pay the firm a reasonable fee for its services and those of its attorneys and staff.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT-LAHNAM ACT**
(***As to Defendant KINGDOM STUDIOS Only***)

51.     Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1 through 50, as if fully set forth herein.

52.     Defendants have used and/or licensed, without authorization, marks that are confusingly similar to Plaintiff's federally registered **KINGDOMWORKS STUDIOS** mark, Reg. No. 5,512,487, in connection with the sale, offering for sale, distribution, marketing and advertising of Plaintiff **KINGDOMWORKS STUDIOS**' Goods and Services. Such uses have already caused actual confusion and continue to cause confusion or deceive consumers and potential consumers.

53.     The **KINGDOMWORKS STUDIOS** mark as a whole is inherently distinctive and/or has also acquired substantial widespread recognition and acquired distinctiveness or secondary meaning in the marketplace through Plaintiff's extensive and continuous use, advertising, promotion and marketing of its Goods and Services in U.S. Commerce and worldwide.

54.     As a direct and proximate result of Defendant KINGDOM STUDIOS' violation of Plaintiff's registered U.S. Trademark, Plaintiff has suffered and continues to suffer damages to its profits, sales, and business. Defendant KINGDOM STUDIOS and Plaintiff are direct competitors. They compete in identical channels of trade for identical goods and services. The trademark infringement complained of herein has caused and, unless restrained and enjoined, will cause

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

13

irreparable harm, damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law. The injury to Plaintiff is and continues to be ongoing and irreparable.

55.     Defendant KINGDOM STUDIOS' conduct constitutes trademark infringement under 15 U.S.C. § 1114 thereby entitling Plaintiff to injunctive relief under 15 U.S.C. § 1116, and award of profits, Plaintiff's non-duplicative actual damages, costs and reasonable attorneys' fees.

## COUNT II
## FEDERAL UNFAIR COMPETITION, FALSE ENDORSEMENT AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)
### (As to Defendant KINGDOM STUDIOS Only)

56.     Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1 through 50, as if fully set forth herein.

57.     Plaintiff has been using Plaintiff's Mark in connection with Plaintiff's Goods and Services in interstate commerce since at least as early as January 2012, and has developed substantial goodwill in such marks in Plaintiff's common law territory, the entire United States, prior to Defendant KINGDOM's license and prior to Defendant KINGDOM STUDIOS' adoption and use of the marks, names and designations **KINGDOM STUDIOS, KINGDOM** or confusingly similar marks in connection with Defendant KINGDOM STUDIOS' Good and Services.

58.     Plaintiff's Mark has become uniquely associated with Plaintiff prior to Defendants' unauthorized use and licensing of the marks, names and designations that are confusingly similar to Plaintiff's Marks for Plaintiff's Good and Services. Defendant KINGDOM STUDIOS, acting alone or in conjunction with its agents, servants, principals, managers, contractors, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, has knowingly caused its services, advertisements, marketing activities, presence and trade shows and conventions, websites, software applications, social media profiles,

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

14

promotional and marking material to enter into interstate commerce with Plaintiff's Mark connected therewith. This use and licensing of confusingly similar marks, names and designations constitutes a false designation of origin which is likely to cause confusion, initial interest confusion, reverse confusion and mistake and to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or approval of such goods and services by Plaintiff.

59.     The aforesaid acts, are in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a), in that Defendant KINGDOM STUDIOS has used in connection with Defendant KINGDOM STUDIOS' Goods and Services a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant KINGDOM STUDIOS with Plaintiff and as to the origin, sponsorship, and approval of Defendant KINGDOM STUDIOS' Goods and Services and commercial activities by Plaintiff.

## <u>COUNT III</u>
## INFRINGEMENT OF TRADEMARK REGISTERED UNDER FLORIDA LAW
### (*As to Defendant <u>KINGDOM STUDIOS</u> Only*)

60.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

61.     Without the consent of Plaintiff, Defendant KINGDOM STUDIOS used a reproduction, counterfeit, copy and/or colorable imitation of Plaintiff's Mark registered under Chapter 495 of the Florida Statutes in connection with the sale, offering for sale, distribution, or advertising of Defendant KINGDOM STUDIOS' Goods and Services in a manner that is likely to cause confusion, to cause mistake, or to deceive.

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

15

62.     As a result, Defendant KINGDOM STUDIOS is liable in this civil action, pursuant to section 495.131 of the Florida Statutes by the owner of such registered mark, namely Plaintiff, for any or all of the remedies provided in section 495.141 of the Florida Statutes.

63.     Plaintiff is also entitled to recover profits and damages from Defendant KINGDOM STUDIOS pursuant to Chapter 495 of the Florida Statutes since its acts have been committed with knowledge that such mark was and is intended to be used to cause confusion or mistake or to deceive.

### COUNT V
### FLORIDA COMMON LAW TRADEMARK INFRINGEMENT
### (*As to Defendant KINGDOM STUDIOS Only*)

64.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

65.     Defendant Kingdom Studios' use of Defendant KINGDOM STUDIOS' Marks in Florida is likely to cause consumer confusion, initial interest confusion, reverse confusion, mistake, deception or mistake, in Florida, as to the source of various goods and services and as to a connection, affiliation, relation, sponsorship or endorsement by one or more of Plaintiff and/or Plaintiff's Mark, all of which irreparably have and continue to cause damage to Plaintiff.

66.     By reason of the foregoing activities, Defendant KINGDOM STUDIOS, alone or in conjunction with its agents, servants, employees, principals, managers, contractors, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, has violated and infringed Plaintiff's rights in Plaintiff's Mark and has otherwise competed unfairly with Plaintiff, in violation of the common law of the State of Florida.

### COUNT VI
### FLORIDA COMMON LAW UNFAIR COMPETITON
### (*As to Defendant KINGDOM STUDIOS Only*)

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

16

67.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

68.     Defendant KINGDOM STUDIOS, acting alone or in conjunction with its agents, servants, employees, principals, managers, contractors, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, has committed activities in Florida that constitute unfair competition with Plaintiff by creating, in Florida, a likelihood of consumer confusion, initial interest confusion and reverse confusion in the trade as to the source or sponsorship of the products or is likely to lead the public to believe Plaintiff is in some way connected to Defendant KINGDOM STUDIOS and are likely to mislead persons in the ordinary course of purchasing the products of Defendant KINGDOM STUDIOS and induce them to believe they are purchasing genuine services and products of Plaintiff, thereby injuring that reputation and goodwill and unjustly diverting from Plaintiff to Defendant KINGDOM STUDIOS the benefits arising therefrom.

69.     Defendant KINGDOM STUDIOS' passing off Defendant KINGDOM STUDIOS' Goods and Services as those of or associated with Plaintiff, and their other unlawful activities described herein which take place in, effect, or contact the State of Florida, constitute unfair competition as proscribed by the common law of Florida and have caused Plaintiff to sustain monetary damage, loss and injury in an amount to be determined at the time of trial.

## COUNT VIII
## DECLARATORY JUDGMENT, WRIT OF MANDAMUS, DECREE AND CERTIFIED ORDER TO THE USPTO REGARDING PENDING UNITED STATES TRADEMARK APPLICATION NO. 87781778
### (*As to Defendant KINGDOM STUDIOS Only*)

70.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

Santucci Priore, P.L.
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

17

71.     This claim arises under the federal Lanham Act 15 U.S.C. §1119 for a determination, decree and certified order to the Director of the USPTO and under 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment, declaring that Defendant KINGDOM STUDIOS' pending United States Trademark Application Serial No. 87781778 for the standard character mark **KINGDOM STUDIOS** should be finally refused, that Defendant KINGDOM STUDIOS is otherwise not entitled to registration therefor and that the Director of the USPTO shall make an entry upon its records of the finally refusing said application.

72.     Plaintiff is the nationwide senior user of Plaintiff's Mark, including the mark **KINGDOMWORKS STUDIOS** in connection with Plaintiff's Services, as compared to Defendant KINGDOM STUDIOS and its use and/or intended use of the confusingly similar mark **KINGDOM STUDIOS** which is the subject of pending United States Trademark Application Serial No. 87781778.

73.     The KINGDOM STUDIOS mark, which is the subject of the pending application, when used in connection with the goods identified and services recited in said application, is likely to be confused with Plaintiff's Mark.

74.     Defendant KINGDOM STUDIOS' mark, which is the subject of Application Serial No. 87781778 is being used by, or with the permission of, Defendant KINGDOM STUDIOS so as to misrepresent the source of the goods and services on or in connection with which the mark is used by Defendant KINGDOM STUDIOS.

75.     Notwithstanding Plaintiff's senior use, priority of right and Defendant's KINGDOM STUDIO's knowledge of Plaintiff and Plaintiff's Mark, Defendant KINGDOM STUDIOS filed Application Serial No. 87781778 directed to the standard character word mark

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

18

KINGDOM STUDIOS, which is likely to be confused with Plaintiff's Mark by consumers and the public.

76.     Plaintiff and the public will be damaged if the aforementioned Application matures into a United States Trademark Registration.

77.     This Honorable Court should exercise its authority under 15 U.S.C. §1119 to determine the right to registration and otherwise rectify the trademark register with respect to registrations.

## COUNT VIII
## DECLARATORY JUDGMENT REGARDING TRADEMARK LICENSE AGREEMENT
### (As to All Defendants)

78.     Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

79.     This claim arises under the federal Lanham Act, 15 U.S.C. §§ 2201 and 2202 for a declaratory judgment, declaring that the license agreement between Defendants does not affect the determination of trademark rights as between Plaintiff and Defendant KINGDOM STUDIOS.

80.     Facing the threat of assertion of Plaintiff's trademark rights, Defendant KINGDOM STUDIOS sought a trademark license from Defendant KINGDOM to use the mark KINGDOM in connection with Defendant KINGDOM STUDIOS' Goods and Services.

81.     Defendants entered into a license agreement whereby Defendant KINGDOM gave Defendant KINGDOM STUDIOS the exclusive right, at least in the United States, to use the mark KINGDOM in connection with:

> "Pre-recorded dvds and cds featuring music, television series, movies and films; downloadable music sound recordings and video recordings featuring music, television series, movies and films; video production and production of audio recording services; multi-media entertainment services in the nature of recording,

production and postproduction services in the field of films, movies, television, and music; production of movies and videos for the Internet; entertainment services, namely, the provision of continuing programs and movies featuring content delivered via the Internet and cable television; provision of nondownloadable films, movies and television programs via a video-on-demand service; film distribution"

82.     At the time the license agreement was entered into, Defendant KINGDOM did not have, and does not today have the right to license, control or authorize the use of the mark **KINGDOM**, **KINGDOM STUDIOS** or confusingly similar marks in connection with Defendant KINGDOM STUDIOS' Goods or Services.

83.     Defendant KINGDOM is not a film maker, film distributor or content creator and possesses no goodwill or trademark rights in the film industry.

84.     Accordingly, Defendant KINGDOM STUDIOS' ploy to circumvent Plaintiff's asserted trademark rights in the commercial space related to the film industry is not assisted in any way by its license agreement with Defendant KINGDOM.

85.     This Court should enter a declaratory judgment clarifying the rights of the parties with respect to the license agreement so that Plaintiff is not forced to continue to operate and expand under the threat of uncertainty.

**[THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK – PRAYER TO FOLLOW]**

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

20

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

1.      An order enjoining and restraining during the pendency of this action, and thereafter permanently enjoining and restraining Defendant KINGDOM STUDIOS, its agents, servants, employees, attorneys, parents and subsidiaries, related companies, and all persons acting for, with, by, through or under them, and each of them from:

a.      Using the marks **KINGDOMWORKS STUDIOS, KINGDOM, KINGDOM STUDIOS** or any name, term, nomenclature or mark similar thereto or any confusingly similar designation alone or in combination with other terms, as a trademark, slogan, tag line, trade name component or otherwise, as a domain name, sub-domain, directory name, email address or other such computer addresses, as the name of Defendant KINGDOM STUDIOS' websites, or any webpage, as part of a URL, metatag, hashtag, Ad Words, search term, or, in any other way to market, advertise, sell, offer for sale or identify Plaintiff's Goods and Services or Defendant KINGDOM STUDIOS' Goods and Services or related goods or services, or advertisements for Plaintiff's Goods and Services or Defendant KINGDOM STUDIOS' Services, or related goods or services;

b.      Otherwise infringing Plaintiff's Mark employing the words, terms or phrases **KINGDOMWORKS STUDIOS, KINGDOM, KINGDOM STUDIOS** or confusingly similar marks, names or designations therein in connection with Plaintiff's Services or Defendant KINGDOM STUDIOS' Goods or Services, or related goods or services;

c.      Unfairly competing with Plaintiff in any manner whatsoever; and

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

21

d.      Causing a likelihood of confusion, initial interest confusion, reverse confusion or other injury to Plaintiff's business reputation, or dilution of the distinctive quality, of Plaintiff's Mark by any unauthorized use, dilution, blurring, devaluing, disparaging or tarnishing of the same.

2.      An order enjoining and restraining during the pendency of this action, and thereafter permanently enjoining and restraining Defendant KINGDOM from licensing or attempting to control the use of the mark, name or designation **KINGDOMWORKS STUDIOS, KINGDOM** or **KINGDOM STUDIOS** for use in connection with the creation, publication, distribution, production and release of films and videos, pre-recorded DVDs and CDs, downloadable music sound recordings and video recordings, entertainment services, the provision of continuing programs and movies, delivered by any means or the provision of non-downloadable films and movies via a video-on-demand service.

3.      An order requiring Defendant KINGDOM STUDIOS to deliver and destroy all devices, websites, computer hardware and software, files, menus, hard drives, servers, diskettes and backups, literature, advertisements, packages, labels, signs, prints, wrappers, receptacles, and all other materials and produts in the possession of Defendant KINGDOM STUDIOS or under Defendant KINGDOM STUDIOS' control which have ever been used in connection with Defendant KINGDOM STUDIOS' Goods and Services or related goods or services, bearing the marks **KINGDOMWORKS STUDIOS, KINGDOM, KINGDOM STUDIOS** or confusingly similar marks in or on them, and all plates, molds, matrices and other means of making the same.

4.      An order requiring Defendant KINGDOM STUDIOS to notify, in writing, and direct to its internet service provider(s), web host(s) and all publishers of directories or lists, including Internet search engines, in which Defendant KINGDOM STUDIOS' use of the marks

or employing the terms or phrases **KINGDOMWORKS STUDIOS, KINGDOM, KINGDOM STUDIOS** or confusingly similar marks that appear in connection with Defendant KINGDOM STUDIOS' Goods and Services or related goods or services, to delete all references to said names and marks from their public databases, search engine directories, directory assistance and from all future directories in which said names and marks are to appear, and to delete all forwarding or "cache memory" or storage mechanisms referencing marks, names, designations, terms or phrases employing **KINGDOMWORKS STUDIOS, KINGDOM, KINGDOM STUDIOS** or confusingly similar marks.

5.      An order requiring Defendant KINGDOM STUDIOS to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of judgment, a report, in writing, and under oath, setting forth, in detail, the manner and form in which Defendant KINGDOM STUDIOS has complied with the requirements of the injunction and order.

6.      An order requiring Defendant KINGDOM STUDIOS to pay over to Plaintiff all damages sustained by Plaintiff including damages by reason of Defendant KINGDOM STUDIOS' unlawful acts alleged herein, plus pre-judgment and post-judgment interest thereon, and that such damages be trebled pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

7.      An order requiring Defendant KINGDOM STUDIOS to account for and pay over to Plaintiff all profits realized directly or indirectly by Defendant KINGDOM STUDIOS, directly or indirectly related to its products and/or services, the sales of which have been enhanced directly or indirectly from its products or services, or advertising of same, or otherwise by reason of Defendant KINGDOM STUDIOS' unlawful acts alleged herein, and that such amounts be trebled pursuant to 15 U.S.C. § 1117(a)(3) or as otherwise provided by law.

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

8.     An enhancement of any monetary award based on profits which this Court, in its discretion, finds just pursuant to 15 U.S.C. §§ 1117, 1118, Florida Statutes § 495.141(1) or as otherwise provided by law.

9.     A declaratory judgment, writ of mandamus, decree and certified order to the Director of the USPTO declaring that Defendant KINGDOM STUDIOS' United States Trademark Application Serial No. 87781778 to the USPTO's Principal Register for the mark **KINGDOM STUDIOS** should be finally refused, that Defendant KINGDOM STUDIOS is otherwise not entitled to registration therefor and that the register of the USPTO should reflect same.

10.    A declaratory judgment, declaring that the license agreement between the Defendants has no effect on the rights of Plaintiff and no effect on the determination on the dispute between Plaintiff and Defendant KINGDOM STUDIOS to use the mark, name and designations **KINGDOMWORKS STUDIOS, KINGDOM, KINGDOM STUDIOS** or confusingly similar marks, names or designations used in connection with the creation, publication, distribution, production and release of films and videos, pre-recorded DVDs and CDs, downloadable music sound recordings and video recordings, entertainment services, the provision of continuing programs and movies, delivered by any means or the provision of non-downloadable films and movies via a video-on-demand service.

11.    An award of Plaintiff's reasonable attorneys' fees incurred in this litigation.

12.    An award of Plaintiff's taxable costs and other costs, expenses and disbursements incurred herein.

13.    An award of pre-judgment and post-judgment interest on all monetary awards.

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

24

14.     All such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully Submitted,

**SANTUCCI PRIORE, P.L.**
*Counsel for Plaintiff*
200 South Andrews Avenue
Museum Plaza, Suite 100
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474
Facsimile: (954) 351-7475

By:     /s/Michael I. Santucci
Michael I. Santucci, Esq.
Florida Bar Number: 0105260
mis@500law.com
docketing@500law.com
Salvatore Fazio, Esq.
Florida Bar No. 0127525
E-mail: sfazio@500law.com

## EXHIBIT LIST

| | |
|---|---|
| Plaintiff's films and series examples | **Composite Exhibit "1"** |
| U.S. Trademark Registration No. 5,512,487 Certificate of Registration | **Exhibit "2"** |
| U.S. Trademark Application Serial No. 87781778 | **Exhibit "3"** |
| Official Office Action for Application Serial No. 87781778 | **Exhibit "4"** |
| Supplemental Official Office Action | **Exhibit "5"** |

**Santucci Priore, P.L.**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
www.500law.com

25